UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RANDY FONTENOT AND
CHRISTI FONTENOT

VERSUS

AMERICAN BANKERS
INSURANCE COMPANY
OF FLORIDA

CIVIL ACTION

NO. 17-349

## NOTICE OF REMOVAL

Defendant, American Bankers Insurance Company of Florida ("American Bankers"), hereby removes to this Court the civil action now pending in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, docket no. 118,809, styled *"Randy Fontenot and Christi Fontenot v. American Bankers Insurance Company of Florida."* A copy of all pleadings, process, and orders that have been served on American Bankers are attached as Exhibit "A," which includes, namely, the Petition and Citation.

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ("section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement"). This action may be removed because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

In support of this removal, American Bankers shows that:

1.

This suit is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332.

1

2.

Diversity jurisdiction requires that the plaintiff be diverse in citizenship from every defendant. *Strawbridge v. Curtis*, 3 Cranch 267 (1806); *Getty Oil Corp v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998). The plaintiffs in this matter, Randy Fontenot and Christi Fontenot, were and are residents and domiciliaries of the State of Louisiana at the time of filing of this suit and at the time of removal. Thus, plaintiffs are citizens of the State of Louisiana.

3.

American Bankers was and is a Florida corporation with its principal place of business in Florida at the time of filing this suit and at the time of removal. American Bankers is not incorporated, and does not have a principal place of business in Louisiana. Accordingly, the parties' citizenship is diverse.

4.

Plaintiffs' Petition (Exhibit "A") does not include a formal monetary demand. Nevertheless, the amount in controversy in this matter exceeds $75,000.00.

5.

This is a property damage insurance claim, related to a rainstorm that occurred on or about August 16, 2016. The rainstorm allegedly damaged the insured dwelling at 42358 Highway 931, Gonzales, Louisiana 70737, "and a majority of the personal property/contents in the structure." Petition, ¶ V. The plaintiffs allege that as the result of the storm, they were forced to move into their camper. Petition, ¶ VI.

6.

American Bankers issued Specialty Homeowners Program policy no. AGM0026263 to Randy and Christi Fontenot, with coverage for the dwelling and contents located at 42358 Highway 931, Gonzales, Louisiana, according to its terms.  A certified copy of the policy is attached as Exhibit "B."  Policy limits are:  (1) dwelling -- $136,800.00, (2) personal property -- $50,000.00, (3) Additional Living Expense -- $13,680.00.  (Exhibit B.  See also Petition, ¶ IV.)

7.

As the result of the rainstorm alleged in suit, the plaintiffs assert that the dwelling sustained damage in the amount of $136,300.00.  Petition, ¶ XIV.  Plaintiffs also demand $13,680.00 for additional living expense, and $24,514.43 for loss of personal property.  Petition, ¶ XIV.

8.

As of the date of removal, American Bankers had issued payment in the amount of $76,864.23 for damage sustained to the dwelling, and $13,500.00.00 for additional living expenses.   (See Explanation of Benefit letters, Exhibits "C" and "D.")  American Bankers has made no payment on plaintiff's contents/personal property claim.

9.

The plaintiffs also seek to recover penalties and attorney's fees that are recoverable under the Louisiana Insurance Code, La. R.S. 22:1892, for alleged bad faith.   Petition, ¶¶ XXII through XXVII.  Although American Bankers disputes that the plaintiffs are entitled to penalties or attorney's fees under any circumstances, Louisiana statutes entitle the plaintiffs to recover amounts in excess of the face amount of the policy as a penalty in certain specific and enumerated circumstances.  Where both actual and punitive damages are recoverable, each must

be considered to the extent claimed in determining the jurisdictional amount. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

10.

Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 is more than satisfied.

11.

Specifically, under La. R.S. 22:1892, an insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, . . . or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).

12.

Because the statute provides for recovery of attorney's fees, potential attorney's fees are included in analyzing the likely amount in controversy. *Maxwell v. Lesnick*, No. 1:16-CV-00300, 2016 WL 4070239, at *3 (W.D. La. June 23, 2016), *report and recommendation adopted,* No. 16-CV-00300, 2016 WL 4059549 (W.D. La. July 28, 2016); *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 873–74 (5th Cir. 2002).

13.

If the plaintiff's claim is seen as involving (1) unpaid policy benefits in the amount of $84,130.20 (total amount demanded in the amount of $174,494.43, minus $90,364.23 in benefits paid), (2) a fifty percent penalty in the amount of $87,247.21, on the total claim amount of

$174,494.43 under R.S. 22:1892, plus (3) a twenty percent attorney's fee, in the amount of $14,860.69, awarded under La. R.S. 22:1892, the amount in controversy exceeds $75,000.00. *Sher v. Lafayette Ins. Co.*, 973 So. 2d 39, 60 (La. App. 4 Cir. 2007), *aff'd in part, rev'd in part*, 988 So. 2d 186 (La. 2008) (Penalties computed on entire claim amount, not amount withheld in bad faith).

14.

Even though American Bankers disputes plaintiffs' entitlement to any penalties, actual damages, or attorney's fees, they are included in determining the amount in controversy.  "[A] case may be removed unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938).

15.

American Bankers files its Notice of Removal within thirty days of its receipt of plaintiffs' lawsuit.  Specifically, the plaintiffs served American Bankers through the Louisiana Secretary of State on May 19, 2017.  The Secretary of State forwarded the process to American Bankers on May 22, 2017.  (Exhibit "E")

16.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of Court for the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana.

WHEREFORE, American Bankers Insurance Company of Florida prays that any further proceedings in the Twenty-Third Judicial District Court for the Parish of Ascension, State of

Louisiana be discontinued, and this action be recognized as removed and pending on the docket of this Court.

        Respectfully submitted,

        s/Gordon P. Serou, Jr.
        GORDON P. SEROU, JR. (No. 14432)
        Law Offices of Gordon P. Serou, Jr., LLC
        gps@seroulaw.com
        650 Poydras Street, Suite 1002
        New Orleans, Louisiana 70130
        Tel:    504-207-1910
        Fax:   504-784-6428

        **Attorney for American Bankers**
        **Insurance Company of Florida**

CERTIFICATE OF SERVICE

     I hereby certify that on this 2nd day of June, 2017, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.  Any manual recipients will receive a copy of the foregoing pleading by United States Mail.

        s/Gordon P. Serou, Jr.
        GORDON P. SEROU, JR.