RECEIVED AND FILED
BRIDGET HANNA
CLERK OF COURT

# Hightower Commercial Law Center, LLC

7017 MAY -2 A 11: 44

(Mail and Express Deliver Address)
**PMB# 186**
BY CLERK & RECORDER
**17732 Highland Road, Ste. G** ASCENSION PARISH, LA.
**Baton Rouge, Louisiana 70810**

(Physical Address)
**36450 Manchac Trace Ave.**
**Prairieville, Louisiana 70769**

Telephone No. (225) 362-1926
Facsimile No. (225) 612-6810
E-Mail: edwin@hightowerlegal.com

**Edwin L. Hightower, JD, MBA**
(Founding Member)
(Licensed in Louisiana and Texas)

## FACSIMILE COVER SHEET

May 2, 2017

| | |
|---|---|
| **TO:** | Clerk of Court<br>23rd JDC, Parish of Ascension |
| **FACSIMILE NO:** | 225-621-8403 |
| **TELEPHONE NO.:** | 225-621-8400, x6 |
| **FROM:** | Edwin L. Hightower<br>Hightower Commercial Law Center, LLC |
| **RE:** | *Fontenot et al., v. American Bankers Insurance Company of Florida,*<br>23rd JDC, Ascension Parish, Louisiana,<br>No. _____, Div: _____<br>HCLC# 7061-0001 |
| **TOTAL PAGES:** | _6_ (INCLUDING THIS PAGE) |
| **MESSAGE:** | **Please Fax File the Attached Petition as a new suit and forward to me the Receipt of Fax Document.**<br>**Thank you for your Assistance.**<br><br>**Edwin L. Hightower**<br>**Hightower Commercial Law Center, LLC**<br>**225-362-1926** |

**CONFIDENTIALITY NOTICE**

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

IF THERE IS ANY PROBLEM RECEIVING THIS MESSAGE,
PLEASE CALL (225) 326-1926
FACSIMILE - (225) 612-6810

FAX FILED

MAY 02 2017

**23RD JUDICIAL DISTRICT COURT**

**PARISH OF ASCENSION**

**STATE OF LOUISIANA**

NUMBER _118809_

**DIVISION E**

**RANDY FONTENOT AND CHRISTI FONTENOT**

**VERSUS**

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**

FILED: _____          _____

**DEPUTY CLERK**

## PETITION

The petition of Randy Fontenot and Christi Fontenot (jointly, the "Plaintiffs" or "Fontenots") Louisiana domiciliaries who reside in the Parish of Ascension, and respectfully present the following:

I.

Made a Defendant herein is American Bankers Insurance Company of Florida ("ABICF"), a foreign insurer, authorized to operate and issue insurance in the State of Louisiana, and, upon information and belief, is domiciled in Florida.

II.

Venue is proper in this Court, pursuant to Louisiana Code of Civil Procedure Article 74, as Ascension Parish is the location where the wrongful conduct occurred and the damages were sustained

III.

At all relevant times, the Fontenots resided in Ascension Parish, on, in or near the property ("Insured Property") covered by insurance coverage provided by ABICF.

IV.

The Plaintiffs had a Specialty Homeowners Insurance Policy, issued by ABICF, which had a coverage period of 12/17/2015 – 12/17/2016 ("Insurance Policy"), with Dwelling Broad Form Coverage of $136,800 less deductible; Personal Property Coverage of $50,000 less deductible, and Additional Living Expenses of $13,680.

## V.

On or about August 16, 2016, the Fontenots sustained significant water damage to the Insured Property, when torrential rains and wind caused water to penetrate the roof and exterior walls of the structure, resulting in exterior damage and interior damage to the ceiling, walls, floors, windows, appliances, electrical system, HVAC system, and other incorporated systems of the structure and a majority of the personal property / contents in the structure.

## VI.

Subsequently, the Fontenots were forced to move into their camper, which they set up next to the Insured Property.

## VII.

ABICF was notified immediately and a representative of the insurer visited the Insured Property for a cursory examination.

## VIII.

On or about September 8, 2016, ABICF sent another representative to the Insured Property, but the representative advised that they were instructed not to examine any area of the roof, which had a tarp installed on it – effectively barring the representative from examining the very areas where the water penetrated the roof.

## IX.

Further, during the September 8, 2016 examination, the ABICF representative advised that they were instructed not to enter the interior of the Insured Property, though the Fontenots insisted they at least view the interior of the structure.

## X.

Based on the brief walk through, and lack of inspection of the area of the roof where the water penetrated the structure, the ABICF's non-engineer contractor issued a two (2) page report alleging a majority of the water entered the structure when water "dam[ed] up and overflow[ed] the turtle vents."

## XI.

Subsequently, ABICF extended a nominal offer to cover damage, when the Insured Property sustained significant damage to the structure, the interior contents and forced the insureds to move into a "camper" next door to their residence.

XII.

On February 13, 2017, the Fontenots forwarded to ABICF a thirty-seven (37) page engineer report, based on a thorough inspection of the Insured Property, which explained that the combination of the wind and rain, during the August 2016 weather event, caused damage to the roof and exterior siding, which allowed the water to enter the structure and cause devastating damage to the entire Insured Property.

XIII.

On March 17, 2017, the Plaintiffs forwarded an estimate for the structural repairs to the Insured Property, based on a contractor's estimate of $166,842.00, and additional living expenses, for approximately 300 days allowing $50/Day under the Insurance Policy.

XIV.

Based on the engineer report, previously forwarded to ABICF, and the estimates for repairs, forwarded to ABICF, on March 17, 2017, the Fontenots presented Satisfactory Proofs of Loss ("SPOL") to ABICF, and demanded: $136,300 for repairs to the Dwelling; $13,680 for additional living expenses; and $24,514.43 for loss of personal property.

XV.

On March 27, 2017, ABICF sent another representative / adjuster to the Insured Property to re-examine the Insured Property to confirm the extent of damage.

XVI.

The adjuster advised that the new estimate would be delivered to ABICF no later than the next business date, or March 28, 2017.

XVII.

Subsequently, the Plaintiff provided additional information regarding the condition and value of the items of personal property lost from water intrusion.

XVIII.

A representative of ABICF has stated, via email, that "a request [was sent] over to my manager for approval to offer settlement on the dwelling and [Additional Living Expenses]." Further, the representative is "still waiting to hear back from ... manager. Just sent him a follow up email today. Not sure what is taking so long."

## XIX.

Immediately prior to filing this pleading, ABICF extended another nominal amount to pay for damages, without any documentation to support same, or to dispute the detailed and extensive SPOL provided by the Fontenots.

## XX.

The Plaintiffs offered to accept the nominal amount as an unconditional tender of a partial payment, but ABICF did not respond as of the filing of this pleading.

## XXI.

More than thirty days has passed since the presentation of the SPOL.

## XXII.

Pursuant to LA R.S. 22:1892, A(1) All insurers . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured."

## XXIII.

Further, pursuant to LA R.S. 22:1892, B(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, . . . . within thirty days after receipt of satisfactory proofs of loss . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, . . . or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs."

## XXIV.

ABICF is liable for the amount due, under the provisions of the Insurance Policy, which includes, but is not limited to, $136,300 for damage to the Dwelling Structure of the Fontenots, $24,514.43 for loss of Personal Property of the Fontenots, and $13,680 for Additional Living Expenses of the Fontenots.

## XXV.

Further ABICF has acted in an arbitrary, capricious, or without probable cause manner in failing to pay the amount due after receiving satisfactory proofs of

loss on March 17, 2017 and then having an additional adjuster view the property on March 27, 2017.

## XXVI.

ABICF is liable for penalties under the provisions of LA R.S. 22:1892, which includes fifty percent damages of the amount found to be due from the insurer and reasonable attorney fees and costs.

## XXVII.

The Plaintiffs have entered a Contingency Fee Agreement with undersigned Counsel wherein the attorney fees are: 25% of the funds collected before trial, 30% after the start of trial, or 35% in the event of any appeal.

WHEREFORE, premises considered, Randy Fontenot and Christi Fontenot pray that after the lapse of all legal delays and due proceedings, there be a Judgment in favor of Plaintiffs and against the Defendant for all damages, available statutory penalties, which are reasonable in the premises, together with legal interest thereon pursuant to all statutory provisions, until paid, for all costs of these proceedings, attorney fees, and for such other legal and equitable relief as the Court shall deem necessary and proper.

Respectfully submitted,

BY:_____

Edwin L. Hightower, LA Bar Roll No. 22798
# 186, 17732 Highland Rd., Ste. G
Baton Rouge, Louisiana 70810
Tel# 225-362-1926 / Fax# 225-612-6810
Email: edwin@hightowerlegal.com
**COUNSEL FOR RANDY FONTENOT AND CHRISTI
FONTENOT**

## PLEASE SERVE:

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**
Through its Agent for Service:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809



**23ᴿᴰ JUDICIAL DISTRICT COURT**

**PARISH OF ASCENSION**

**STATE OF LOUISIANA**

NUMBER _____

**RANDY FONTENOT AND CHRISTI FONTENOT**

**VERSUS**

**DIVISION E**

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**

FILED: _____        _____

DIVISION _____

**DEPUTY CLERK**

### PETITION

The petition of Randy Fontenot and Christi Fontenot (jointly, the "Plaintiffs" or "Fontenots") Louisiana domiciliaries who reside in the Parish of Ascension, and respectfully present the following:

I.

Made a Defendant herein is American Bankers Insurance Company of Florida ("ABICF"), a foreign insurer, authorized to operate and issue insurance in the State of Louisiana, and, upon information and belief, is domiciled in Florida.

II.

Venue is proper in this Court, pursuant to Louisiana Code of Civil Procedure Article 74, as Ascension Parish is the location where the wrongful conduct occurred and the damages were sustained

III.

At all relevant times, the Fontenots resided in Ascension Parish, on, in or near the property ("Insured Property") covered by insurance coverage provided by ABICF.

IV.

The Plaintiffs had a Specialty Homeowners Insurance Policy, issued by ABICF, which had a coverage period of 12/17/2015 – 12/17/2016 ("Insurance Policy"), with Dwelling Broad Form Coverage of $136,800 less deductible; Personal Property Coverage of $50,000 less deductible, and Additional Living Expenses of $13,680.

V.

On or about August 16, 2016, the Fontenots sustained significant water damage to the Insured Property, when torrential rains and wind caused water to penetrate the roof and exterior walls of the structure, resulting in exterior damage and interior damage to the ceiling, walls, floors, windows, appliances, electrical system, HVAC system, and other incorporated systems of the structure and a majority of the personal property / contents in the structure.

VI.

Subsequently, the Fontenots were forced to move into their camper, which they set up next to the Insured Property.

VII.

ABICF was notified immediately and a representative of the insurer visited the Insured Property for a cursory examination.

VIII.

On or about September 8, 2016, ABICF sent another representative to the Insured Property, but the representative advised that they were instructed not to examine any area of the roof, which had a tarp installed on it – effectively barring the representative from examining the very areas where the water penetrated the roof.

IX.

Further, during the September 8, 2016 examination, the ABICF representative advised that they were instructed not to enter the interior of the Insured Property, though the Fontenots insisted they at least view the interior of the structure.

X.

Based on the brief walk through, and lack of inspection of the area of the roof where the water penetrated the structure, the ABICF's non-engineer contractor issued a two (2) page report alleging a majority of the water entered the structure when water "dam[ed] up and overflow[ed] the turtle vents."

XI.

Subsequently, ABICF extended a nominal offer to cover damage, when the Insured Property sustained significant damage to the structure, the interior contents and forced the insureds to move into a "camper" next door to their residence.

## XII.

On February 13, 2017, the Fontenots forwarded to ABICF a thirty-seven (37) page engineer report, based on a thorough inspection of the Insured Property, which explained that the combination of the wind and rain, during the August 2016 weather event, caused damage to the roof and exterior siding, which allowed the water to enter the structure and cause devastating damage to the entire Insured Property.

## XIII.

On March 17, 2017, the Plaintiffs forwarded an estimate for the structural repairs to the Insured Property, based on a contractor's estimate of $166,842.00, and additional living expenses, for approximately 300 days allowing $50/Day under the Insurance Policy.

## XIV.

Based on the engineer report, previously forwarded to ABICF, and the estimates for repairs, forwarded to ABICF, on March 17, 2017, the Fontenots presented Satisfactory Proofs of Loss ("SPOL") to ABICF, and demanded: $136,300 for repairs to the Dwelling; $13,680 for additional living expenses; and $24,514.43 for loss of personal property.

## XV.

On March 27, 2017, ABICF sent another representative / adjuster to the Insured Property to re-examine the Insured Property to confirm the extent of damage.

## XVI.

The adjuster advised that the new estimate would be delivered to ABICF no later than the next business date, or March 28, 2017.

## XVII.

Subsequently, the Plaintiff provided additional information regarding the condition and value of the items of personal property lost from water intrusion.

## XVIII.

A representative of ABICF has stated, via email, that "a request [was sent] over to my manager for approval to offer settlement on the dwelling and [Additional Living Expenses]." Further, the representative is "still waiting to hear back from ... manager. Just sent him a follow up email today. Not sure what is taking so long."

## XIX.

Immediately prior to filing this pleading, ABICF extended another nominal amount to pay for damages, without any documentation to support same, or to dispute the detailed and extensive SPOL provided by the Fontenots.

## XX.

The Plaintiffs offered to accept the nominal amount as an unconditional tender of a partial payment, but ABICF did not respond as of the filing of this pleading.

## XXI.

More than thirty days has passed since the presentation of the SPOL.

## XXII.

Pursuant to LA R.S. 22:1892, A(1) All insurers . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured."

## XXIII.

Further, pursuant to LA R.S. 22:1892, B(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, . . . . within thirty days after receipt of satisfactory proofs of loss . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, . . . or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs."

## XXIV.

ABICF is liable for the amount due, under the provisions of the Insurance Policy, which includes, but is not limited to, $136,300 for damage to the Dwelling Structure of the Fontenots, $24,514.43 for loss of Personal Property of the Fontenots, and $13,680 for Additional Living Expenses of the Fontenots.

## XXV.

Further ABICF has acted in an arbitrary, capricious, or without probable cause manner in failing to pay the amount due after receiving satisfactory proofs of

loss on March 17, 2017 and then having an additional adjuster view the property on March 27, 2017.

## XXVI.

ABICF is liable for penalties under the provisions of LA R.S. 22:1892, which includes fifty percent damages of the amount found to be due from the insurer and reasonable attorney fees and costs.

## XXVII.

The Plaintiffs have entered a Contingency Fee Agreement with undersigned Counsel wherein the attorney fees are: 25% of the funds collected before trial, 30% after the start of trial, or 35% in the event of any appeal.

WHEREFORE, premises considered, Randy Fontenot and Christi Fontenot pray that after the lapse of all legal delays and due proceedings, there be a Judgment in favor of Plaintiffs and against the Defendant for all damages, available statutory penalties, which are reasonable in the premises, together with legal interest thereon pursuant to all statutory provisions, until paid, for all costs of these proceedings, attorney fees, and for such other legal and equitable relief as the Court shall deem necessary and proper.

Respectfully submitted,

BY: _____
Edwin L. Hightower, LA Bar Roll No. 22798
# 186, 17732 Highland Rd., Ste. G
Baton Rouge, Louisiana 70810
Tel# 225-362-1926 / Fax# 225-612-6810
Email: edwin@hightowerlegal.com
**COUNSEL FOR RANDY FONTENOT AND CHRISTI FONTENOT**

**PLEASE SERVE:**

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**
Through its Agent for Service:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

6/17 11:28:32 Katy

## CITATION

RANDY FONTENOT et al

VERSUS

AMERICAN BANKERS INSURANCE CO FLORIDA

23RD JUDICIAL DISTRICT COURT

PARISH OF ASCENSION

STATE OF LOUISIANA

PLEASE RETURN TO
CLERK OF COURT

DOCKET NUMBER: 00118809E

SERVE: **AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA THROUGH**
LOUISIANA SECRETARY OF STATE
3851 ESSEN LANE
BATON ROUGE, LA.  70809

PARISH OF EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition*
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 23rd Judicial
District Court in and for the Parish of Ascension, State of Louisiana,
within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by Attorney HIGHTOWER, EDWIN L and was
issued by the Clerk of Court on the 9TH day of MAY, 2017.

MAY 19 2017

I made service on the named party through the
Office of the Secretary of State
by tendering a copy of this document to
□ TAMMY GLOVER   □ MEGHAN SHANKS
□ JULIE NESBITT
Baton Rouge, Louisiana

Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

RETURNED
MAY 26 2017

*****************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*****************************************************************

------------------------------------------------------------

### SHERIFF'S RETURN

Received on the _____ day of _____ ,20___ and on the _____ day
of _____ , 20 ___ served the above named party as follows:
DATE SERVICE ATTEMPTED:_____   TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____   TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____   TIME SERVICE ATTEMPTED:_____AM/PM
TYPE OF SERVICE:
___ PERSONAL _____
___ DOMICILIARY_____
___ ADDRESS OF ATTEMPTED SERVICE/EXECUTION _____
REASON FOR NON-SERVICE:
___ MOVED (NEW ADDRESS)_____       ___ MOVED, ADDRESS UNKNOWN
___ NOT KNOWN AT THIS ADDRESS                ___ UNABLE TO LOCATE
___ POST OFFICE HAS NO ADDRESS               ___ DISTRICT ATTORNEY RECALLED
___ THIS ADDRESS NOT IN OUR PARISH           ___ NOT SERVED IN TIME FOR
___ HOLD-REQUEST OF _____              COURT DATE/PAST COURT
___ IN ARMED FORCES                          ___ HOSPITALIZED/DECEASED
___ RECEIVED TOO LATE FOR SERVICE
___ COMMENTS OR OTHER REASONS FOR NOT SERVING _____

_____

RETURNED: PARISH OF _____ this _____ day of _____ , 20 _____ .

SERVICE:   $ _____
MILEAGE:   $ _____          MAY 18 2017
TOTAL:     $ _____

BY: _____
          DEPUTY SHERIFF

0017

ASC CLERK OF COURT/WOR Fax 2256218403          May  2 2017 01:38pm P001/001

## BRIDGET HANNA
### CLERK OF COURT & RECORDER & NOTARY PUBLIC
### ASCENSION PARISH, P. O. Box 192
### DONALDSONVILLE, LA  70346
### PHONE 225-473-9866
### RECEIPT OF FAX DOCUMENT

***PLEASE REMIT THIS RECEIPT WITH YOUR ORIGINAL***

TO: _Edwin Hightower_          DATE: _5/2/17_

The Ascension Parish Clerk of Court has received your fax document in the matter entitled: _Randy & Christi Fontenot_

VS. _118809_

_American Bankers Ins. Co of Florida_

The pleading received was entitled:

_Petition Damages_

DATE FAXED: _5/2/17_                   SCANNED _____

According to R. S. 13:850, B, within seven days, exclusive of legal holidays, after the Clerk of Court has received the transmission, the party filing the document shall forward to the Clerk the original signed document, the applicable filing fee, if any, and a transmission fee of five dollars.

IF THE PARTY FAILS to comply with the requirements of Subsection B stated above, the facsimile filing shall have no force or effect, but there is still a fee.

_Darla Braun_
DEPUTY CLERK OF COURT

NOTE: WHEN THE ORIGINAL IS SENT, PLEASE INDICATE THAT THIS HAS ALREADY BEEN FAXED, NOTING DATE DOCUMENT WAS FAXED TO US. THANKS

*************     PLEASE REMIT THE FOLLOWING CHECKS:   *************
_330.00_  CHECK MADE PAYABLE TO CLERK OF COURT
_50.00_   CHECK MADE PAYBLE TO ASCEN. SHERIFF
_29.36_   CHECK MADE PAYBLE TO SECRETARY OF STATE
          CHECK MADE PAYABLE TO E.B.R. SHERIFF