# LAW OFFICES OF GORDON P. SEROU, JR., LLC

Poydras Center, Suite 1002
650 Poydras Street
New Orleans, Louisiana 70130

Phone:  504-207-1910
Fax:  504-784-6428
gps@seroulaw.com

October 10, 2017

Mr. Edwin Hightower
Hightower Commercial Law Center, LLC
17732 Highland Road, Suite G
Baton Rouge, Louisiana 70810

Re:   *Fontenot v. American Bankers Insurance Company of Florida*, USDC MDLA no. 17-349

Dear Mr. Hightower:

Enclosed herewith please find Interrogatories and Requests for Production of American Bankers
Insurance Company of Florida.

Sincerely yours,

GORDON P. SEROU, JR.

GPS/gks
Enclosures

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RANDY FONTENOT AND
CHRISTI FONTENOT

NO. 17-349-BAJ-EWD

VERSUS

AMERICAN BANKERS
INSURANCE COMPANY
OF FLORIDA

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

To:     Randy Fontenot and Christi Fontenot
        Through their attorney of record,
        Mr. Edwin Hightower
        Hightower Commercial Law Center, LLC
        17732 Highland Road, Suite G
        Baton Rouge, Louisiana 70810

Defendant, American Bankers Insurance Company of Florida, hereby requests that the plaintiffs answer separately, in writing and under oath each of the following Interrogatories and Requests for Production or, if objection is made, that the reason for such objection be given and that said answers be sworn to and signed by the person(s) making them, and further that any objection be signed by the attorney making them and be served upon defendant within thirty (30) days from date of mailing and service of these discovery requests. Defendant also requests that the originals of the items requested be made available for review and copying at the offices of the undersigned counsel.

## Definitions

In the following discovery requests:

1.      The terms "**you**" or "**your**" means Randy Fontenot and Christi Fontenot and, as the context indicates, **your** attorneys, agents, servants, employees, accountants, investigators, representatives or other persons acting on **your** behalf.

2.      The term **"incident"** refers to the facts and circumstances set forth in plaintiff's lawsuit herein (and all supplements and amendments thereto) and the plaintiff's recoverable damages.

3.      The term **"dwelling"** refers to the insured dwelling and improvements located at 42358 Highway 931, Gonzales, Louisiana 70737.

4.      In case of doubt as to the scope of a clause including "and," "or," "all," "any," "each," or "every" the intended meaning is inclusive rather than exclusive.

5.      If you find the meaning of any term in this request to be unclear, then you should assume a reasonable meaning.

6.      The terms **"pertaining to"** or **"regarding"** shall mean commenting on, including, concerning, containing, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, in whole or in part, and should be construed in the broadest sense of the word.

7.      The singular includes the plural and vice versa; masculine, feminine and neuter are to be interchangeable, as the context requires.

Defendant specifically requests ongoing supplementation of your answers.

### Instructions - Interrogatories

1.   Identifying a person.  When an interrogatory asks you to "identify" a person, provide the information listed below, to the extent known, with respect to the person.  Once a person has been identified in compliance with this paragraph, only the name of that person needs to be listed in response to later discovery requesting the identification of the person.

(1)  The person's full name;

(2)  Present or last known address;

(3)  Telephone number; and

(4)  The present or last known place of employment and job title when referring to a natural person.

2.   Identifying a document.  When an interrogatory asks you to "identify" a document, provide the information listed below, to the extent known, with respect to the document.  Once a document has been identified in compliance with this paragraph, only the title or other abbreviated, clear identifier of the document needs to be listed in response to later discovery requesting the identification of the document.

2

(1)   The type of document;

(2)   The general subject matter of the document;

(3)   The date of the document;

(4)   The names and addresses of the authors and recipients of the document;

(5)   The location of the document;

(6)   The identity of the person who has possession or control of the document; and

(7)   Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

3.   Identifying electronically stored information.  When an interrogatory asks you to "identify" electronically stored information, provide the information listed below, to the extent known, with respect to the information.  Once electronically stored information has been identified in compliance with this paragraph, only the title or other abbreviated, clear identifier of the electronically stored information needs to be listed in response to later discovery requesting the identification of the electronically stored information.

(1)   The format of the electronically stored information;

(2)   The general subject matter of the electronically stored information;

(3)   The date of the electronically stored information;

(4)   The names and addresses of the authors and recipients of the electronically stored information;

(5)   The location of the electronically stored information;

(6)   The identity of the person who has possession or control of the electronically stored information; and

(7)   Whether the electronically stored information has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, and (c) the identity of the person who destroyed it, and (d) any retention policy directing its destruction.

4.   Identifying a tangible thing.  When an interrogatory asks you to "identify" a tangible thing, to the extent known, provide the information listed below, to the extent known, with respect to the tangible thing.

(1)  The type of tangible thing;

(2)  The general description of the tangible thing;

(3)  The date of creation of the tangible thing;

(4)  The creator and owner of the tangible thing;

(5)  The location of the tangible thing;

(6)  The identity of the person who has custody of the tangible thing; and

(7)  Whether the tangible thing has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the existence and location of any physical remnants of its destruction,  (d) the identity of the person who destroyed it, and (e) any retention policy directing its destruction.

5.    Describing an act or transaction.  When an interrogatory asks you to "describe" an act or transaction, provide the information listed below, to the extent known, with respect to the act or transaction.

(1)  The date the act or transaction occurred;

(2)  The place where the act or transaction occurred;

(3)  The identity of each person participating in the act or transaction and on whose behalf the person was acting;

(4)  The nature and substance of all communications that occurred in connection with the act or transaction; and

(5)  The identity of all materials referring to or reflecting the act or transaction.

6.    Specifying a date.  When an interrogatory asks you to "specify" a date, to the extent known, state the exact day, month, and year or state the narrowest approximate time frame.

## Instructions- Requests for Production

1.    Respond to each request for production separately by listing the materials and by describing them as defined above.  If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2.   Produce documents and tangible things in the forms as they are kept in your records, or organize and number or label them to correspond with the categories in the discovery request.

3.   If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

4.   For any materials that you assert are privileged, protected, or otherwise exempt from discovery, provide the following:

(1)   The specific grounds for the claim of privilege, protection, or other exemption.

(2)   The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

(3)   The subject matter of the material.

(4)   The date of the material.

(5)   The name, job title, and address of the author of the material.

(6)   The name, job title, and address of each addressee of the material.

(7)   The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

(8)   The name, job title, and address of the custodian of the material and the material's current location.

5.   For any materials that you claim no longer exist or cannot be located, provide all of the following:

(1)   A statement identifying the material.

(2)   A statement of how and when the material passed out of existence or when it could no longer be located.

(3)   The reasons for the material's nonexistence or loss.

(4)   The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

(5)   The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

# INTERROGATORIES

## INTERROGATORY NO. 1

Please identify every person known, or reasonably felt by **you**, to have knowledge of, the facts and circumstances of the **incident**.

## INTERROGATORY NO. 2

Please identify every person known, or reasonably thought by **you**, to be used as a witness at the trial of this case, whether expert or non-expert.

## INTERROGATORY NO. 3

In connection with the witnesses listed in the preceding two Interrogatories, please state the substance or expected substance of the testimony of each witness with particularity, along with any other relevant factual assertions expected to be made by these witnesses.

## INTERROGATORY NO. 4

Do **you** have either a copy or knowledge of any statement, oral or written, made by **you**, the defendant, or any witness?  If so please state all the following:

a) The identity of the person who made the statement;
b) The substance of the statement;
c) The date on which the statement was taken;
d) The identity of the person who took the statement;
e) Whether the statement was reduced to writing;
f) The present location of the statement and the identity of the person now in possession of the statement.

### INTERROGATORY NO. 5

Please identify all documents, things, and electronically stored information in any way **pertaining to** or **regarding** the **incident** and/or the **dwelling**, and identify all persons, companies, and organizations with knowledge of and/or records **pertaining to** the same.

### INTERROGATORY NO. 6

Please identify with particularity all damages and losses for which **you** seek to recover, including policy benefits, compensatory damages, and statutory penalties of any type.  Please identify all documents in any way **pertaining to** or **regarding** such damages and losses, and identify all persons, companies, and organizations with knowledge of and/or records **pertaining to** the same.

### INTERROGATORY NO. 7

Do **you** contend that the defendant acted in bad faith and/or arbitrarily and capriciously? If so, please provide all factual bases for this contention, identify all witnesses with knowledge of the same, and identify all documents and electronically stored information **pertaining to** or **regarding** the same.

### INTERROGATORY NO. 8

Please describe all temporary and permanent repairs to the **dwelling**.  Please identify all witnesses with knowledge, and all receipts, invoices, checks, and other documents and electronically stored information **pertaining to** or **regarding** the same and the cost of said

repairs.

## INTERROGATORY NO. 9

Please identify, itemize and describe with particularity the cost of all materials, labor, etc. to repair damage sustained to the insured **dwelling.**

## INTERROGATORY NO. 10

Please describe all steps **you** took after the **incident** to protect the insured **dwelling** from further loss.

## INTERROGATORY NO. 11

Please identify any and all contractors, sub-contractors, repairmen, and any other persons who performed or assisted in the performance of any repairs to the **dwelling** and whether or not they provided any estimates or proposals, or performed any repairs.

## INTERROGATORY NO. 12

Please identify all personal property that you contend sustained damage in the **incident.** Please describe each item by make, model, and serial number (if available), and for each item provide (1) the date of purchase, (2) the place of purchase (i.e., the vendor), (3) the payment method (i.e., cash, check or charge), (4) the original cost, (5) the current location of the item, and (6) describe any repairs or alterations since the date of the windstorm alleged in suit.  Please identify all persons with knowledge, and identify all documents, things, and electronically stored information **pertaining to** or **regarding** the same.

## INTERROGATORY NO. 13

If you are seeking to recover additional living expenses, please identify all witnesses with knowledge, and all documents and electronically stored information **pertaining to** or **regarding** the same.

## INTERROGATORY NO. 14

Please identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the answers to these Interrogatories.

## INTERROGATORY NO. 15

Please identify all insurance policies **pertaining to** or **regarding** the **property**, including but not limited to homeowners, flood, and/or fire.

## INTERROGATORY NO. 16

Have **you** made any claims or demands, or filed any other lawsuits, against anyone other than American Bankers?  If so, please identify all claims, lawsuits, and persons with knowledge, and all documents and electronically stored information **pertaining to** or **regarding** the same.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

Please produce all documents and electronically stored information identified and/or

requested to be identified in response to the Interrogatories served on **you** herewith.


### **REQUEST FOR PRODUCTION NO. 2**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any damage to the **dwelling**, including but not limited to all surveys, reports, damage estimates, repair estimates, photographs, video recordings, digital recordings, correspondence, payments, checks, invoices, etc. **regarding** anything damaged.


### **REQUEST FOR PRODUCTION NO. 3**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** temporary and permanent repairs to the **dwelling,** including but not limited to all receipts, invoices, checks, and other documents **pertaining to** or **regarding** the same.


### **REQUEST FOR PRODUCTION NO. 4**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** the cost of all materials, labor, etc. used to repair damage to the insured **dwelling.**


### **REQUEST FOR PRODUCTION NO. 5**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any steps **you** took after the date of the **incident** to protect the insured **dwelling** from further loss.

**REQUEST FOR PRODUCTION NO. 6**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any and all contractors, sub-contractors, repairmen, and any other persons who performed or assisted in the performance of any repairs on the **dwelling**.

**REQUEST FOR PRODUCTION NO. 7**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any and all contractors, sub-contractors, repairmen, and any other persons who **you** contacted or consulted in any way regarding damage to or repairs of the insured **dwelling**, whether or not they provided any estimates or proposals, or performed any repairs, including but not limited to any estimates or proposals they prepared.

**REQUEST FOR PRODUCTION NO. 8**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any personal property that you contend sustained damage in the **incident**, including but not limited to all surveys, reports, damage estimates, repair estimates, photographs, video recordings, digital recordings, correspondence, payments, checks, invoices, etc. **regarding** anything damaged.

**REQUEST FOR PRODUCTION NO. 9**

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any additional living expenses for which you seek to recover, including but not limited to all leases, rental agreements,  receipts, checks, contracts, etc., **regarding** your

expenses.

## REQUEST FOR PRODUCTION NO. 10

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any insurance claims **you** have made to recover losses for damages to the **property**, and all payments **you** have received.

## REQUEST FOR PRODUCTION NO. 11

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any alleged damages (of any sort whatsoever) for which **you** seek to recover in this suit.

## REQUEST FOR PRODUCTION NO. 12

Please produce any and all witness statements in any way **pertaining to** or **regarding** the **incident** and/or alleged damages **you** seek to recover in this suit, whether verbal, written, oral, or recorded in some manner.

## REQUEST FOR PRODUCTION NO. 13

For each expert witness **you** intend to call at trial, please provide:

a)     Their resume;

b)     All reports or written opinions they provided;

c)     All documents or things which i) **you** have provided to them and/or, ii) they have

otherwise obtained and/or reviewed in evaluating the issues on which they opine;

d)      All of their notes and working papers;

e)      Any learned treatises or authorities on which they rely in any respect;

f)      Any retainer agreements and other documents relating to or describing the
expert's compensation in this matter, and

g)      Any invoices or fee statements rendered by the expert.

## REQUEST FOR PRODUCTION NO. 14

Please produce any and all documents and electronically stored information **pertaining to** or **regarding** any and all civil law suits as to which **you** have ever been a party, specifically including, but not limited to, settlement agreements, releases, motions to dismiss, and related correspondence.

## REQUEST FOR PRODUCTION NO. 15

Please produce all contracts, retainer agreements, and other agreements that **you** may have or had with public adjustors and/or other experts **pertaining to** or **regarding** the **property**.

## REQUEST FOR PRODUCTION NO. 16

Please produce all documents **pertaining to** or **regarding** any application for government and private charity benefits including but not limited to the application itself and any grant or award letters **you** have received.

## REQUEST FOR PRODUCTION NO. 17

Please produce copies of any and all photographs, videos or images of any anything

pertaining to or regarding the incident alleged in suit, the insured property, all contents and component parts of the property, and/or anything else that was damaged in the windstorm.

Respectfully submitted:

GORDON P. SEROU, JR. (No. 14432)
Law Offices of Gordon P. Serou, Jr., LLC
gps@seroulaw.com
650 Poydras Street, Suite 1002
New Orleans, Louisiana 70130
Tel:    504-207-1910
Fax:    504-784-6428

**Attorneys for American Bankers
Insurance Company of Florida**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served on all parties, through their counsel of record electronically and by first class mail, this 10th day of October, 2017.

GORDON P. SEROU, JR.